### SMITH,
*Appellant,*

*v.*

### LINCOLN COUNTY,
*Respondent.*

(850343; CA A39322)

738 P2d 992

James M. Brown, Salem, argued the cause for appellant. With him on the brief was Enfield, Guimond & Brown, Salem.

I. Franklin Hunsaker, III, Portland, argued the cause for respondent. With him on the brief were Thomas D. Adams, Douglas R. Andres, and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

Before Buttler, Presiding Judge, and Rossman and Deits, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brings this action to recover damages that he suffered when defendant[1] failed to comply with a court order to send to the Police Department of the City of Newport a copy of his juvenile record expunction order pursuant to ORS 419.800 to 419.990. The trial court granted a pretrial motion to strike the claim for damages for "extreme mental anguish, embarrassment [and] loss of human dignity" and also granted a directed verdict at the close of plaintiff's case on the remaining claim for damages due to "impairment of current earning ability and loss of future earning capacity." Plaintiff appeals, and we affirm.

Plaintiff is in the United States Air Force (USAF). When he decided to apply for a high security clearance with the USAF, he petitioned the Lincoln County Circuit Court for an order of expunction of his juvenile record. The order was entered in the court's record, but the Newport Police Department has no record of having received the order. Thus, when the USAF conducted its investigation for the security clearance, it learned of plaintiff's police record. He lost his security clearance while the USAF conducted further investigation. It was reinstated after four months.

Plaintiff raises five assignments of error. Because of our disposition of the first and fifth assignments, we need not discuss the remaining ones. Plaintiff first assigns error to the trial court's striking of his claim for emotional damages. He argues that, under *Nearing v. Weaver,* 295 Or 702, 670 P2d 137 (1983), he may recover damages for emotional distress merely by showing a violation of the expunction statute, without a showing of physical injury or intentional conduct. Defendant responds, first, that *Nearing v. Weaver, supra,* is not applicable and that, therefore, in the absence of physical injury, mental distress damages cannot be recovered without intentional conduct and, second, that ORS 419.839(1) precludes any action for violation of the expunction statutes in the absence of intentional conduct.

ORS 419.839(1) provides:

"A subject has a right of action against any person who

---

[1] The claim against the City of Newport was dismissed before trial, and the city is not a party to this appeal.

intentionally violates the confidentiality provisions of this chapter. In any such proceeding, punitive damages up to an amount of $1,000 may be sought in addition to any actual damages. The prevailing party shall be entitled to costs and reasonable attorney fees."

ORS 419.830(1) provides that, when an expunction order is entered, the "juvenile court or juvenile department shall send a copy of [the] * * * order to each agency subject to the order" and that,

"[u]pon receipt of a copy of the order, an agency subject thereto shall comply and, within 21 days of the date of receipt, return the copy to the juvenile court or juvenile department with an indorsement indicating compliance."

When an expunction order is entered, the person's juvenile record becomes confidential: "Upon entry of an expunction order, the contact which is the subject of the expunged record shall not be disclosed by any agency." ORS 419.835(1).

■ The expunction scheme enacted by the legislature provides for various remedies and penalties for violation of its provisions. First, ORS 419.839(1) provides that a subject of an expunction order has a claim against anyone who intentionally violates the confidentiality provisions of the chapter. An intentional violation is also cause for dismissal of a public employe. ORS 419.839(2). ORS 419.990(2) provides that "[a] person who violates any provision of ORS 419.800 to 419.839 commits a Class C misdemeanor." Thus, the legislature has specifically provided a remedy for violation of the expunction statutes but has limited the remedies to instances involving intentional conduct.[2] Plaintiff did not allege any intentional

---

[2] The enactment of ORS 419.839(1) also answers plaintiff's *Nearing v. Weaver, supra,* argument. In *Nearing,* the court approved a cause of action for emotional distress against police officers who failed to arrest plaintiff's estranged husband for violations of a restraining order, based on ORS 133.310(3), which requires a peace officer to arrest a person when the officer has probable cause to believe that a restraining order under the Abuse Prevention Act has been violated. Thus, when a statute mandates certain conduct and it is violated, in some instances the injured party has a claim even solely for emotional damages. The determination of whether a particular statute gives rise to a claim is *ad hoc,* dependent in part on whether the legislature itself created a claim for violation of the statute. *Nearing v. Weaver, supra,* 295 Or at 712; *see also* 295 Or at 723 (Peterson, J., dissenting). Here, the legislature indicated its intent that violation of the statute would give rise to a private claim; it created the claim in ORS 419.839(1). It is limited, however, to intentional conduct. The statute also provided for criminal penalties and dismissal from employment. Thus, the courts need not decide whether the statutes mandating expunction and nondisclosure serve

action, but only that defendant acted negligently. Accordingly, the trial court did not err when it ordered that the claim for emotional damages be stricken.

■ In plaintiff's fifth assignment of error, he challenges the trial court's granting of defendant's motion for directed verdict on the claim for loss of current earning ability and future earning capacity. Because the statute requires intentional conduct for there to be any action for violation of the statutes, and plaintiff neither pled nor proved intentional conduct, the directed verdict was proper.

Affirmed.

---

as a basis for a claim, because the legislature has addressed the issue and has determined that the statutes do give rise to a private claim but only when the statutes are intentionally violated.